GLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

JUN 09 2010

JOHN F. CORCORAN, CLERK
BY: _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **JERRY RAY HALL,** | ) | **Civil Action No. 7:10-cv-00195** |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **K. HINKLES,** | ) | **By: Hon. James C. Turk** |
| **Defendant.** | ) | **Senior United States District Judge** |

Jerry Ray Hall, a Virginia inmate proceeding pro se, filed a civil rights complaint,

pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names K.

Hinkles, the Food Service Supervisor at the Augusta Correctional Center ("Jail") as the sole

defendant. Plaintiff alleges that the food is not good. This matter is before the court for

screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, the court

dismisses the complaint without prejudice for failing to state a claim upon which relief may be

granted.

I.

Plaintiff alleges the following facts in his complaint. The Jail serves foods that have a

"bad odor" and leave a bitter taste in plaintiff's mouth, and plaintiff thus concludes that the

provided meats and fruits are rotten and over-cooked. Plaintiff further complains that the large

salted fish are stale, the cheese is stale, and the mushrooms, stale meats, and cooked foods do not

have flavor. Plaintiff believes that such food is "like deadly poison to the body" and caused him

food poisoning, an infection, and headaches.[1] Plaintiff also complains that other foods should be

served only in the winter and not in the summer: large fish, cheese, milk, goat meat, ox meat,

---

[1]The court notes that plaintiff alleged in another recent civil action that either the Jail's food or its water
gave him an infection. Hall v. Warden, No. 7:10-cv-00197 (W.D. Va. Jun. 9, 2010).

"barky" bread, unleavened bread, cabbage, leeks, onions, garlic, mustard, and radishes. Plaintiff

alleges that the defendant says she does not serve rotten or over-cooked food. Plaintiff requests

$120,000.00.

## II.

The court must dismiss any action or claim filed by an inmate if the court determines that

the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28

U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims

based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest

which clearly does not exist," or claims where the "factual contentions are clearly baseless."

Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for

a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's

factual allegations as true. A complaint needs "a short and plain statement of the claim showing

that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to

relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)

(internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and

conclusions . . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the

elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.

2003). However, determining whether a complaint states a plausible claim for relief is "a

context-specific task that requires the reviewing court to draw on its judicial experience and

common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (May 18, 2009). Thus, a

court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an

assumption of truth because they consist of no more than labels and conclusions. Id. Although

the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). To succeed on an Eighth Amendment "cruel and unusual punishment" claim, a prisoner must prove the following elements: (1) the deprivation of a basic human need was objectively sufficiently serious and (2) the prison official subjectively acted with deliberate indifference. Wilson v. Seiter, 501 U.S. 294, 298, 303 (1991). Plaintiff fails to set out how bitter-tasting or over-cooked foods constitute the deprivation of a basic human need. Food that "occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation." Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985). Furthermore, plaintiff does not allege that he ate any of the foods he identifies as being spoiled besides the over-cooked food that left a bitter taste in his mouth. The fact that the food may leave a subjectively unpleasant taste is not a sufficiently serious deprivation. Moreover, plaintiff does not detail a nexus between the defendant and plaintiff's conclusion of receiving "rotten" meat or the other foods' nutritional value. See French v. Owens, 777 F.2d 1250, 1255 (7th Cir.

1985).  Notably, plaintiff does not describe how the defendant knew of a substantial risk of serious harm when the Jail served allegedly poor-quality food.  Therefore, plaintiff presently fails to state a claim upon which relief may be granted.  Accordingly, the court dismisses the complaint without prejudice.

### III.

For the foregoing reasons, the court dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This _4th_ day of June, 2010.

Senior United States District Judge